## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BETTY R. HOUSE | ) | |
| a/k/a BETTY REGINA HOUSE | ) | |
| | ) | |
| UNKNOWN HEIRS, DEVISEES, | ) | |
| LEGATEES,  SUCCESSOR, | ) | |
| EXECUTORS, ADMINISTRATORS, | ) | CAUSE NO.: 1:09-CV-68- TLS |
| PERSONAL REPRESENTATIVE, | ) | |
| GUARDIANS, TRUSTEES, | ) | |
| RECEIVERS, GRANTEES AND | ) | |
| LESSEES OF | ) | |
| JAMES C. HOUSE (DECEASED) | ) | |
| | ) | |
| UNKNOWN OWNERS & | ) | |
| NON RECORD CLAIMANTS | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Verified Declaration Motion to Vacate and Cancel

Marshal Sale [DE 14], filed on January 22, 2010, by Betty R. House, who is proceeding *pro se* in

this matter, and on the Government's Motion for Confirmation of Sale [DE 17], filed on January

27, 2010. In an Order issued on January 28, 2010, the Court took Ms. House's Motion to Vacate

and Cancel Marshal Sale under advisement and withheld ruling on the Government's Motion for

Confirmation of Sale to afford the parties an opportunity to file briefs on Ms. House's Motion

and to provide Ms. House with an opportunity to respond to the Government's Motion.

**A.      Ms. House's Motion to Vacate and Cancel Marshal Sale [DE 14]**

In her Motion, Ms. House asks the Court to vacate and cancel the January 12, 2010, Marshal sale, arguing that a conference pursuant to Indiana Code § 24-5.5-3-1 is required. On the face of her Motion, Ms. House does not ask the Court to set aside the Default or the Default Judgment that has been entered in this case. On February 5, the Government filed a Response [DE 19]. The Government makes two basic arguments in support of its request that Ms. House's Motion be denied. First, the Government contends that the statutory provision referenced by Ms. House and the special notice requirement imposed by that statute did not become effective until July 1, 2009, and that the Government filed its Complaint [DE 1] on March 17, 2009, prior to the statute's effective date. Second, the Government argues that the notice requirement imposed by this statute applies when a mortgagee (or mortgagee's assignee) proceeds to foreclosure under Indiana Code § 32-30-10, that the Government proceeded to foreclosure under 28 U.S.C. § 1345, and that the Indiana notice requirement is thus inapplicable. Ms. House did not file a reply on or before the February 26, 2010, deadline set by the Court.

Although Ms. House's Motion does not reference any particular procedural rule, the Court notes that its Default Judgment and Decree of Foreclosure was entered on October 13, 2009, and Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default judgment under Rule 60(b). The Court, mindful of Ms. House's *pro se* status, will treat Ms. House's Motion as Rule 60(b) Motion.

Rule 60(b) specifies the grounds for relief from a final judgment, order, or proceeding, and it provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

In analyzing Ms. House's Motion in light of Rule 60(b), the Court is mindful that "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" *Harrington v. City of Chi.,* 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)).

The only reason offered by Ms. House for granting relief is the Indiana statute she references. Consequently, it does not appear that there is any issue as to the grounds set forth in Rule 60(b)(1), (2), (3), or (5). The record in this case shows that the Defendants were served with process to appear and answer the Complaint [DE 1] in accordance with the rules of this Court, and that the Defendants failed to appear and answer in this action. On July 2, 2009, the Clerk entered a Default [DE 8] against the Defendants upon the Government's Application for Entry of Default [DE 7] and Declaration [DE 7-2]. On September 17, the Government filed a Motion for Entry of Default Judgment and Decree of Foreclosure [DE 10], which was accompanied by a Declaration [DE 10-2], and Ms. House did not respond or otherwise oppose the Government's Motion. Then, on October 13, the Court granted the Government's unopposed Motion, and the Default Judgment and Decree of Foreclosure was entered.

Rule 60(b)(4) was intended to apply in cases where a district court issued a judgment but lacked jurisdiction or acted in a manner inconsistent with due process. *Price v. Wyeth Holdings*

*Corp.*, 505 F.3d 624, 631 (7th Cir. 2007); *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1018 (7th Cir. 2002); *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 448 (7th Cir. 2000). As for the Rule 60(b)(6) "catchall" provision, the Supreme Court has instructed that a party seeking relief under this provision "must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993) (citations omitted). Reviewing the pleadings and other materials in the record, it appears that the Court had subject-matter jurisdiction under 28 U.S.C. § 1345, as the Complaint alleged; that Ms. House was served with process; that Ms. House failed to oppose the Government's Motions; that the Default and the Default Judgment were entered pursuant to the relevant procedural rules; and that the Default Judgment was entered in a manner consistent with due process. Furthermore, Ms. House has not shown the sort of extraordinary circumstances that warrant relief under Rule 60(b)(6). The notice requirement set forth in Indiana Code § 24-5.5-3-1 did not apply in this case because the Government did not proceed to foreclosure under Indiana Code § 32-30-10.

For these reasons, the Court will deny Ms. House's Verified Declaration Motion to Vacate and Cancel Marshal Sale [DE 14].


**B.      The Government's Motion for Confirmation of Sale [DE 17]**

In its Motion, the Government asks the Court to confirm the sale made on January 12, 2010, by the United States Marshal of this District pursuant to this Court's Default Judgment and Decree of Foreclosure. Ms. House did not file a response to the Government's Motion. Additionally, in her Motion to Vacate and Cancel Marshal Sale, Ms. House has not argued that

the sale involved fraud, collusion, mistake, or misconduct that would call into question the fairness of the sale. Having examined the United States Marshal's Report and Return of Sale [DE 15 & 16], the Court will grant the Government's Motion for Confirmation of Sale.

## CONCLUSION AND ORDER CONFIRMING SALE

For the foregoing reasons, the Court DENIES Ms. House's Verified Declaration Motion to Vacate and Cancel Marshal Sale [DE 14] and GRANTS the Government's Motion for Confirmation of Sale [DE 17]. It is now ORDERED, ADJUDGED, AND DECREED:

1.      The Report of the United States Marshal and the sale by him, as therein set forth, are approved and confirmed.

2.      The United States Marshal is ordered to execute and deliver forthwith a proper and legal conveyance of said real estate to Mark Forman, the purchaser to whom the property was sold.

3.      The judgment indebtedness herein is to be credited with the sum of Forty-Two Thousand Five Hundred Dollars 00/100 ($42,500.00) from Mark Forman. This being the amount of the bid, the Marshal is authorized to distribute these sale proceeds, if any, in accordance with the terms of the Default Judgment and Decree of Foreclosure.

SO ORDERED on March 2, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

5